**Darren L. ROBBINS, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8724.

Court of Appeals of Alaska.

Aug. 20, 2004.

William R. Satterberg Jr., Law Offices of William R. Satterberg Jr., Fairbanks, for Appellant.

Jenel M. Domke, Assistant District Attorney, Jeffrey A. O'Bryant, District Attorney, Fairbanks, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

Darren L. Robbins reached a plea agreement with the State and pleaded no contest to one count of attempted first-degree sexual abuse of a minor.[1] In this appeal, Robbins attacks one probation condition imposed by the superior court. Robbins argues that the probation condition that orders him to pay up to "40% of net income for the support of his family" is not reasonably related to his rehabilitation or the protection of the public. Because the legislature empowered a sentencing judge to impose a condition of probation that requires a defendant to support his dependents, we reject Robbins's argument and affirm his sentence.

*Background facts and proceedings*

On the evening of March 10, 2003, Robbins sexually abused his eleven-year-old daughter by engaging in cunnilingus. She told him to "stop it, that's not right." Robbins asked her, "[d]on't you like your special massage?" She answered that she did not.

---

1. AS 11.31.100(a) & AS 11.41.434(a).

The next morning, as Robbins's daughter was leaving to catch the school bus, Robbins asked her again if she liked her special massage. She again told Robbins that she did not, and Robbins asked "[w]as I not good enough for you?" When she arrived at school, she told the principal about Robbins's sexual abuse. The principal passed this report on to the Department of Family and Youth Services. The Alaska State Troopers were also contacted.

An immediate investigation led to the grand jury indicting Robbins on one count of first-degree sexual abuse of a minor.[2] Robbins reached a plea agreement with the State that called for Robbins to plead to the reduced charge of attempted first-degree sexual abuse of a minor, a class A felony with a presumptive 5–year term.[3] The plea agreement placed a 5–year cap on the unsuspended term that the court could impose.

Robbins's wife spoke at the sentencing and read a letter from Robbins's daughter. Robbins's incarceration had a substantial impact on the family. Robbins's wife and the children could not make it financially on their own. They lost their house and had to move out of state.

Robbins conceded that several statutory aggravating factors from AS 12.55.155 applied: (c)(5), (c)(10), and (c)(18)(A). Superior Court Judge Mark I. Wood imposed an 8–year term with 3 years suspended. As indicated above, he imposed a probation condition that required Robbins to send up to "40% of his net income to the support of his family."

*Discussion*

Judges may condition probation on the defendant's payment of money in a few limited circumstances. The sentencing judge may condition probation on the payment of a fine, the payment of restitution to "aggrieved parties,"[4] or the payment of support to persons "for whose support the defendant is legally responsible."[5] Judge Wood evidently imposed the challenged probation condition under the authority stated in AS 12.55.100(a)(3), which states that, while on probation, a defendant may be required "to provide for the support of any persons for whose support the defendant is legally responsible."

Robbins does not argue that he has no obligation to support his family. Nor does he argue that 40% of his net income is excessive. Instead, Robbins argues that requiring him to pay the specified percentage of his net income is not reasonably related to the protection of the public or to his rehabilitation.[6]

However, Judge Wood imposed a probation condition that Robbins not have contact with his daughter, and a condition that he have limited contact with his wife, so the family will be divided while Robbins is on probation. And in conjunction with the condition that Robbins pay support, Judge Wood recommended that Robbins be placed at a community residential center as soon as he is eligible so that he can obtain employment to meet his support obligations.

Robbins promotes a limited view of whether the challenged condition is reasonably related to his rehabilitation. In *Good v. State*,[7] our supreme court stated that one of the factors that a sentencing court could weigh when considering the defendant's rehabilitation was the concern for the defendant's financial support of his family.[8]

On the record in Robbins's case, Judge Wood could reasonably conclude that Robbins's rehabilitation would be fostered by imposing a probation condition that required Robbins to contribute a portion of his income towards the support of his family. Accord-

2. AS 11.41.434(a)(1).

3. *See* AS 11.31.100(d)(2), AS 11.41.434(b), and AS 12.55.125(c)(1).

4. AS 12.55.100(a)(2).

5. AS 12.55.100(a)(3).

6. *See Roman v. State,* 570 P.2d 1235, 1240 (Alaska 1977) (conditions of probation "must be reasonably related to the rehabilitation of the offender and the protection of the public").

7. 590 P.2d 420 (Alaska 1979).

8. *Id.* at 424.

ingly, we affirm the challenged probation condition.

*Conclusion*

Robbins's sentence is AFFIRMED.

MANNHEIMER, Judge, concurring.

I concur in the majority opinion, with one reservation. It is true that AS 12.55.100(a)(3) authorizes a sentencing court to order a probationer to make support payments to (or for the benefit of) any person whom the probationer is legally obligated to support. But this statute must be read in conformity with Alaska Civil Rule 90.3 (the rule that establishes guidelines for child support awards) and other applicable law governing spousal and child support. A probationer must not be subjected to an additional or extraordinary duty of support as punishment for the probationer's crime.